THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RASHID ALI HASSAN,<br><br>                     Plaintiff,<br><br>       v.<br><br>YARDEN WEIDENFELD, *et al.*,<br><br>                     Defendants. | CASE NO. C11-2026-JCC<br><br>ORDER |

This matter comes before the Court on the Report and Recommendation (Dkt. No. 76) of the Honorable Brian A. Tsuchida, United States Magistrate Judge, and Defendants' objections to that Order. (Dkt. No. 78.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby ADOPTS the Report and Recommendation in full.

I.      **BACKGROUND**

In this 42 U.S.C. § 1983 action, Plaintiff alleges that Officer Thomas McLaughlin, Officer Tammy Frame, and the City of Seattle violated his constitutional rights by utilizing excessive force in the course of an arrest, denying him equal protection, demonstrating deliberate indifference to his serious medical needs, falsely arresting him, and failing to intervene. (Dkt. Nos. 10, 22.) After filing both an amended and supplemental complaint (Dkt. Nos. 10, 22) establishing the basis of his claims—familiarity with which is presumed—Defendants moved for

summary judgment on all claims. (Dkt. No. 46.) At the time they filed the instant motion for summary judgment, Plaintiff was proceeding *pro se*. Mr. Hassan responded to Defendants' motion and alleged in his brief (for the first time in the proceedings) that "Officer Tammy Frame kicked [him] in the face causing him excruciating pain and fracturing his skull." (Dkt. No. 54 at 6.) Subsequently, the Court provided Mr. Hassan with a *Rand* notice, and he filed a second response to Defendants' motion. Plaintiff again alleged that Officer Frame kicked him in the head and injured him. (Dkt. No. 55 at 5.) Finally, Mr. Hassan filed a signed declaration (while still proceeding *pro se*) stating that Officer Frame kicked him in the face. (Dkt. No. 60 at 3.)

Subsequently, Mr. Hassan obtained counsel to represent him in this matter. His counsel stipulated with Defendants' counsel to extend the briefing deadlines for the pending summary judgment motion and to permit Mr. Hassan's counsel to file a third response on Plaintiff's behalf. (Dkt. Nos. 70, 71.) In the second stipulation for an extension, the parties agreed that "plaintiff will file a response to the motion that supersedes the multiple, previously filed responses." (Dkt. No. 71.) Plaintiff's counsel then filed a renewed response to Defendants' motion, in which Plaintiff did not address his excessive force claim based on being kicked in the head, and did not file a renewed declaration. (Dkt. Nos. 72, 73.)

Following the completion of the parties' briefing, Judge Tsuchida issued a Report and Recommendation (Dkt. No. 76), in which he recommends granting summary judgment to Defendants on all but one of Plaintiff's claims. The survivor was Plaintiff's § 1983 excessive force claim, in which Plaintiff alleges that Officer Tammy Frame kicked him in the head. Judge Tsuchida recommends denying summary judgment on this claim because there exists a disputed issue of fact as to whether this actually occurred. While Plaintiff's new counsel did not file a new declaration (or any supporting evidence) with his renewed response brief, Judge Tsuchida relied upon Plaintiff's previously filed declaration (Dkt. No. 60), in which he swore that he was in fact kicked in the head, to conclude that Defendants' declarations to the contrary demonstrated a disputed issue of material fact. (Dkt. No. 76 at 2.)

Following issuance of Judge Tsuchida's Report and Recommendation, Defendants filed objections to Judge Tsuchida's recommendation on Plaintiff's excessive force claim. In short, Defendants argue that Judge Tsuchida improperly relied on Plaintiff's prior declaration because (1) Plaintiff's counsel failed to include the declaration in the renewed response or otherwise argue that there existed a disputed issue of fact as to Officer Frame's use of force; and (2) the parties expressly agreed, with Court permission, that the response filed by Plaintiff's counsel would "supersede" Plaintiff's prior responses to Defendants' motion. (Dkt. No. 78.) Plaintiff has not filed any objections or otherwise responded to the Report and Recommendation or Defendants' objections.

## II.   DISCUSSION

The district court must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Here, Defendants object only to the fact that Judge Tsuchida considered Mr. Hassan's previously filed declaration in which he declared under penalty of perjury that Officer Frame kicked him in the head. They argue that because Judge Tsuchida should not have done so given that the renewed response "superseded" the prior "responses," and Plaintiff's counsel failed to support the renewed response with a new declaration from Plaintiff or other evidence, there was no disputed issue of fact regarding Officer Frame's use of force. (Dkt. No. 78.)

The Court disagrees. While the parties stipulated that the response brief would supersede those previously filed by Plaintiff when he was proceeding *pro se*, Defendants cannot request the Court to blindfold itself to obvious facts which were evident in the otherwise slim record. Of course, Plaintiff's counsel must be prepared to support his arguments with actual evidence, and his last response was not a model brief. However, given that Plaintiff had already filed, while proceeding *pro se*, a declaration under penalty of perjury stating the basis for his excessive force claim, Judge Tsuchida was entitled to consider it notwithstanding the parties' stipulated

amendment of the briefing schedule, as that declaration remained part of the record. Additionally, subsequent to Judge Tsuchida's R&R, Plaintiff's counsel filed a renewed declaration in which he states that he does intend to rely on Plaintiff's prior declaration and will be able to present additional witnesses on Plaintiff's excessive force claim. Accordingly, the Court is not persuaded that it should grant summary judgment to Defendants in the face of obvious evidence that creates a genuine issue of material fact. Defendants' objection is overruled.

The Court has otherwise reviewed Plaintiff's proposed complaint, the Report and Recommendation, and the balance of the record, and adopts the Report and Recommendation in full.

## III. CONCLUSION

For the foregoing reasons, Defendants' objections to the Report and Recommendation (Dkt. No. 78) are overruled. Accordingly, the Court hereby ORDERS:

1. The Report and Recommendation is ADOPTED;

2. Defendants' motion for summary judgment (Dkt. No. 46) is DENIED in part with respect to Plaintiff's claim that Officer Tammy Faye used excessive force by kicking Plaintiff in the head while he was prone and defenseless;

3. Defendants' motion for summary judgment (Dkt. No. 46) is GRANTED with respect to all other claims and defendants;

4. Plaintiff's document at Docket Number 54, which the Court construes as a Rule 36(b) motion to withdraw admissions, is GRANTED;

5. Except with respect to the date of Plaintiff's criminal acquittal, the unsupported allegations contained in Plaintiff's response brief (Dkt. No. 72) are STRICKEN as specified in Defendants' reply brief (Dkt. No. 73 at 11–12);

6. The Clerk is respectfully directed to send a copy of this Order to the parties and to Judge Tsuchida.

DATED this 13th day of August 2013.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE